UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENNETH FEDANCE, *individually and on behalf of the class described below*,<br><br>　　Plaintiffs,<br><br>v.<br><br>CLIFFORD JOSEPH HARRIS, JR. and RYAN FELTON,<br><br>　　Defendants. | CIVIL ACTION NO.<br>1:19-CV-02125-CAP |

**O R D E R**

The plaintiff filed his class action complaint on May 5, 2019, alleging the defendants violated the Securities Act of 1933, 15 U.S.C. § 77a *et seq.* (the "Securities Act" or the "Act"). Defendant Harris filed a motion to dismiss [Doc. No. 20], arguing the claims against him are barred by the statute of limitations, and that the allegations against him fail to state a claim upon which relief can be granted. Having been fully briefed by the parties, that motion is now before the court.

I.     Factual Allegations[1]

The defendants are the founder (Felton) and co-owner (Harris) of FLiK, a company initiated to create an online distribution platform for entertainment projects. To raise money to launch the company and its online platform, the defendants conducted an initial coin offering ("ICO") from August 20, 2017 to September 20, 2017. In an ICO, a company offers purchasers a unique digital asset, often called a "coin" or "token," in exchange for consideration. FLiK's ICO involved the sale of a limited number of FLiK tokens, which were then available for sale on the secondary market. The plaintiff invested $3,000 in FLiK's ICO on August 23, 2017. He seeks to represent a class comprised of individuals who purchased FLiK tokens from the defendants between August 20, 2017 and September 20, 2017.

On August 12, 2017, before initiating the ICO, FLiK published a "whitepaper" describing the company and the tokens that would be for sale during the ICO. FLiK token holders would be able to use the tokens for content on the company's website, and token holders would have access to other activities like in-person FLiK events. However, the defendants also

---

[1] On a motion to dismiss, the court must take the facts alleged in the complaint as true. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012).

touted the tokens' investment potential. The tokens were valued at $0.06 per token at the beginning of the ICO. From August to October 2017, FLiK made several announcements promoting the tokens, including social media posts describing high-value purchases, celebrity endorsements and investments, and upcoming projects that the company would take on. The plaintiff alleges that Felton generally posted the company's announcements, and other alleged promotions about FLiK appeared on Felton or Harris's individual social media accounts. By October 17, 2017, the market value of the tokens had increased from $0.06 to $0.30 per token. The next day, Felton advertised that the tokens would be redeemable for $14.99 per token in fifteen months. However, sometime in 2017, the tokens began to rapidly decrease in value, and FLiK's social media campaign disappeared. By February 15, 2018, the tokens' value dropped to about $0.18 per token.

In April 2018, FLiK announced that it had missed its launch date for its internet platform, and no further announcements about its progress were made. FLiK never launched, and the company no longer exists. As of August 3, 2018, the FLiK tokens' value was about $0.008 per token. Between that and the failure of FLiK and its online platform, the tokens are now essentially worthless. The plaintiff suffered a total loss on his investments, which was approximately $3,000.

## II.   Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Conversely, Rule 12(b)(6) allows for dismissal of a case when the complaint "fail[s] to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).

When evaluating a Rule 12(b)(6) motion, the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick*, 693 F.3d at 1321–22. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This requires more than mere "labels and conclusions, and a formulaic recitation of a cause of action's elements."

*Twombly*, 550 U.S. at 555. The plaintiff must allege facts that "raise the right to relief above the speculative level." *Id.*[2]

## III. Analysis

The plaintiff alleges that the defendants solicited and sold the securities as part of a "pump-and-dump" scheme—a type of fraud scheme in which company owners artificially inflate the price of a security (the "pump") to then sell it at a higher price to duped investors (the "dump"). However, he does not bring claims for fraud. Instead, the plaintiff alleges that the FLiK tokens are securities that should have been lawfully registered before sale, and that the defendants are therefore liable for selling unregistered securities. Specifically, the plaintiff brings Count I against the defendants under Section 12(a)(1) of the Securities Act, 15 U.S.C. § 77l(a) (sale of unregistered securities), Count II against the defendants under Section 15(a)

---

[2] While the complaint includes allegations of false or misleading statements, including that the defendants conducted a "pump and dump" fraud scheme, the plaintiff brings only non-fraud claims. That is, their claims do not require fraud or scienter. The pleading standard for such claims is not elevated to the particularity requirements of Rule 9(b) "when the claim is not alleged to have been part of another fraud-based claim." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1278 (11th Cir. 2006) (holding that non-fraud securities claims "must be pled with particularity when the facts underlying the misrepresentation at stake in the claim are [also] said to be part of a fraud claim, as alleged elsewhere in the complaint"). Therefore, the complaint is not subject to the heightened pleading requirements of Rule 9(b).

of the Securities Act, 15 U.S.C. § 77o(a) (control person liability), and Count III against Harris under Section 12(a)(1) of the Securities Act, 15 U.S.C. §§ 77e(a) and (c) and 77l(a)(1) (statutory seller liability).

Harris sets forth two bases for dismissal. He first argues that the applicable one-year statute of limitations, found in Section 13 of the Act, bars the plaintiff's claims because he brought this action approximately 21 months after his purchase of FLiK tokens. Harris also argues that the plaintiff's claims against him fail because the plaintiff does not allege sufficient facts to support that he was a seller of the FLiK tokens as to Count I, had control of FLiK as to Count II, or was a necessary participant or substantial factor in the plaintiff's purchase of FLiK tokens as to Count III.

### A.   Statute of limitations for Section 12(a)(1) claims

Under Section 13 of the Securities Act,

> No action shall be maintained to enforce any liability created under [Section 12(a)(2)] unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under [Section 12(a)(1)], unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under [Section 12(a)(1)] more than three years after the security was bona fide offered to the public, or under [Section 12(a)(2) more than three years after the sale.

15 U.S.C. § 77m.

The plaintiff does not dispute that the one-year statute of limitations for Section 12(a)(1) claims, quoted above, applies to his claims.[3] He also admits, as he must, that his claims were brought beyond this one-year limit. He invested $3,000 in FLiK's ICO on August 23, 2017, and filed this action on May 10, 2019. He argues, however, that the statute of limitations is subject to tolling, and that such tolling is appropriate because the defendants' misrepresented and concealed facts necessary for him to discover his injury and bring this action.

"[E]quitable tolling is typically read into federal statutes of limitation." *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 707 (11th Cir. 1998). But it cannot apply in the face of contrary congressional intent. *Id.* "[T]he basic inquiry is whether congressional purpose is effectuated by tolling the statute of limitations in given circumstances." *Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 427 (1965). To determine whether equitable tolling applies, courts "examine the purposes and policies underlying the limitation

---

[3] Count II, which asserts control person liability in violation of Section 15(a) of the Act, is contingent upon the plaintiff's Section 12(a)(1) claims. *In re Friedman's, Inc. Sec. Litig.*, 385 F. Supp. 2d 1345, 1357 (N.D. Ga. 2005) ("[C]ontrol person liability under Section 15 is contingent upon a plaintiff proving a primary violation. If [a] plaintiff does not establish a primary violation under the Securities Act, dismissal of his Section 15 claim is warranted."). Accordingly, if the plaintiff's 12(a)(1) claims (Counts I and III) are time barred, Count II must also be dismissed.

7

provision, the Act itself, and the remedial scheme developed for the enforcement of the . . . Act." *Id.*

As this court recently stated, "Courts in the Eleventh Circuit have held that the discovery rule does not apply to the statute of limitations period for Section 12(a)(1) claims. This means that the clock on the limitations period begins on the date the unlawful sale occurred." *Beranger v. Harris,* No. 1:18-CV-05054-CAP, 2019 WL 5485128, at *5 (N.D. Ga. Apr. 24, 2019) (citing *Barron v. Lampley*, No. 4:15-CV-0038-HLM, 2015 WL 12591006, at *11 (N.D. Ga. June 22, 2015) ("The discovery rule does not apply to section 12(a)(1) claims.") (quoting *Temple v. Gorman*, 201 F. Supp. 2d 1238, 1241 (S.D. Fla. Jan. 29, 2002))).

The plaintiff, however, argues that courts are split on whether tolling can apply to Section 12(a)(1) claims that are otherwise barred if a defendant fraudulently conceals a material fact necessary for a plaintiff to discover and bring a cause of action. In support of this argument he points the court to a handful of cases, all from outside this circuit. But these cases are, for the most part, either distinguishable from the issue here or short on analysis. *See, e.g., Katz v. Amos Treat & Co.*, 411 F.2d 1046 , 1055 (2d Cir. 1969) (inapposite because it involved application of equitable estoppel to circumvent the statute of limitations, not tolling); *In re Gas Reclamation, Inc.*

*Sec. Litig.*, 659 F. Supp. 493 (S.D.N.Y. 1987) (assuming, without much analysis, that the equitable tolling doctrine applied to a Section 12(a)(1) claim because it generally applies to federal statutes of limitation); *In re Nat'l Mortg. Equity Corp. Mortg. Pool Certificates Sec. Litig.*, 636 F. Supp. 1138, 1167 (C.D. Cal. 1986) (noting that there was no controlling precedent from any federal circuit court of appeals, then stating, "the Court concludes that no sound reason has been advanced why the tolling doctrine should not apply").[4]

The Eleventh Circuit not yet addressed this issue. But to the court's knowledge there is no split amongst the district courts within this circuit; every court has held that tolling is inapplicable, even if a defendant engages in fraudulent concealment of the cause of action. *See, e.g.*, *Barron v. Lampley*, No. 4:15-CV-0038-HLM, 2015 WL 12591006, at *11 (N.D. Ga. June 22, 2015); *Trilogy Properties LLC v. SB Hotel Assocs. LLC*, No. 09-21406-CIV, 2010 WL 7411912, at *11 (S.D. Fla. Dec. 23, 2010); *Rusche v. Clampitt*, No. 8:06-CV-937-T-17TGW, 2009 WL 10706864, at *2 (M.D. Fla. Sept. 22, 2009); *Temple v. Gorman*, 201 F. Supp. 2d 1238, 1241–42 (S.D. Fla. 2002); *Barton v. Peterson*, 733 F. Supp. 1482, 1490 (N.D. Ga. 1990); *McCarthy v. Barnett Bank of Polk*

---

[4] The plaintiff also relies on *Short v. Belleville Shoe Mfg. Co.*, 908 F.2d 1385 (7th Cir. 1990) (Section 10b-5 claim) and *Jones v. Lewis*, No. CIV. A. 86-1547-T, 1988 WL 163026 (D. Kan. June 13, 1988).

*Cty.*, 750 F. Supp. 1119, 1124 (M.D. Fla. 1990). The reasoning behind this conclusion is sound. As the Sixth Circuit has concisely explained,

> Because the statute permits claims under § 12(a)(2) to proceed if brought within one year of discovery of the violation but does not have a similar discovery rule for § 12(a)(1) claims, Congress's intent on this matter is clear and that the express language of the statute should be applied. Although we assume that "Congress legislates against the backdrop of existing jurisprudence unless it specifically negates that jurisprudence," [cit.], the fact that the statute plainly fails to include a discovery rule for § 12(a)(1)—when juxtaposed with a provision within the same sentence specifically allowing it for § 12(a)(2)—shows that Congress intended to negate equitable tolling in this context. This holding is in keeping with the interpretive canon, *expressio unius est exclusio alterius*. Congress expressly mentioned a discovery rule for § 12(a)(2) claims but not for § 12(a)(1). This decision puts us in line with the majority of other circuits and the majority of district courts that have considered the question.

*Nolfi v. Ohio Kentucky Oil Corp.*, 675 F.3d 538, 553 (6th Cir. 2012) (citing *Cook v. Avien, Inc.*, 573 F.2d 685, 691 (1st Cir. 1978) ("We hold that, under the explicit language of [the statute], the limitations period runs from the date of the violation irrespective of whether the plaintiff knew of the violation."); *Gridley v. Cunningham*, 550 F.2d 551, 552–53 (8th Cir. 1977) (stating that a § 12(a)(1) claim must be brought within one year of the violation, finding that the statute of limitations period had passed, and not permitting the claim to proceed under Rule 15(c) as an amendment relating back to an original contract claim)).

Furthermore, the Eleventh Circuit—addressing a similar limitations-tolling argument under the Petroleum Marketing Practices Act, explained,

> The parties have not cited nor have we been able to find cases where the Supreme Court or this circuit has applied equitable tolling to statutes expressly establishing an exact starting point, such as, the date of violation . . . for a limitations period. Precise language combined with the extremely short limitations period convinces us that Congress did not intend for this limitation to be enlarged by the courts. If Congress explicitly puts a limit upon the time for enforcing a right which it enacted, there is an end to the matter.

*Hill v. Texaco, Inc.*, 825 F.2d 333, 335 (11th Cir. 1987). Section 13 has both: claims under 12(a)(1) must be brought within one year (a short time) from the date of the violation (an exact starting point). *Cf. id.* (similarly, the statute of limitations at issue in *Hill* mandated that "no such action may be maintained unless commenced within 1 year after the later of (1) the date of termination of the franchise or nonrenewal of the franchise relationship; or (2) the date the franchisor fails to comply with the requirements of section 2802 or 2803 of this title").

The court concludes that all courts within the Eleventh Circuit to address this issue, as well as the vast majority of courts nationwide, have correctly held that the statute of limitations for Section 12(a)(1) claims is not subject to the discovery rule or equitable tolling. *Cf.* 17 CIVIL LIABILITIES: ENFORCEMENT & LITIG. UNDER THE 1933 ACT § 5:53 (Nov. 2019 update)

11

(collecting cases and explaining that "[t]he majority rule is that the one year limitations period applicable to claims brought under Section 12(a)(1) is absolute and it is irrelevant whether the plaintiff knew of the violation," and that "few courts" permit equitable tolling).

## IV. Conclusion

The court concludes that the plaintiff's 12(a)(1) claims against Harris are barred by the one-year statute of limitations found in Section 13 of the Securities Act, and therefore must be dismissed.[5] The same is true for Count II, control person liability, which is contingent upon those counts, so that claim too must be dismissed. Defendant Harris's motion to dismiss [Doc. No. 20] is GRANTED, and all claims against him are dismissed.

**SO ORDERED** this 4th day of May, 2020.

/s/CHARLES A. PANNELL, JR.
CHARLES A. PANNELL, JR.
United States District Judge

---

[5] Although this purported class the plaintiff seeks to represent has not been certified, the same would be true for their claims as well.